756 So.2d 281 (1999)
STATE of Louisiana
v.
Albert J. WOLFE.
No. 99-K-1460.
Supreme Court of Louisiana.
December 10, 1999.

*282 ON APPLICATION FOR WRIT OF CERTIORARI
Denied.
MARCUS, J., not on panel.
JOHNSON, J., would grant and assign reasons.
JOHNSON, J., would grant the writ for the following reasons:
The identification of an alleged perpetrator of a crime must be evaluated under the criteria set forth in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Under Manson, the admissibility of purported identification testimony must be evaluated using five factors: (1) the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation.
Albert Wolfe was convicted of murder and sentenced to life in prison based upon the testimony of one witness. It is clear from Dewayne Thomas' testimony that he had little opportunity to view the shooter. Thomas testified that he viewed the incident from an upstairs window, one block away, at nighttime. He further testified that he never got closer than three quarters of a block away from the perpetrator. Even more incredible is Thomas' testimony that, although the shooter was at the scene of the crime when police officers arrived, Thomas did nothing to alert the police of the offender's presence. In fact, it was five days later when he identified Albert Wolfe as the perpetrator.
Several neutral witnesses, who were in a better position to see the shooter, testified that Albert Wolfe did not shoot Zarnell King. Even the victim's own cousin, who was standing with the victim when he was shot, testified that the defendant was not the shooter.
For the foregoing reasons, I would grant the writ application, set aside the conviction, and order new trial.